ELECTRONICALLY FILED
2014-Jul-21 13:50:42
60CV-14-2814
C06D06 : 7 Pages

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
## CIVIL DIVISION

ASHLEY TAYLOR, INDIVIDUALLY
and as NATURAL MOTHER and GUARDIAN TO
T.D.M AND T.I.M., MINORS                                    PLAINTIFF

VS.                      NO. _____

JEREMY ELLIOT;                                                                DEFENDANTS
JNJ EXPRESS, INC.; and
JOHN DOES 1-5

### COMPLAINT

COMES now the Plaintiffs, Ashley Taylor, individually and as natural mother and guardian to T.D.M. and T.I.M., minors, by and through their attorney, Robert R. Cortinez II, and for their Complaint, states:

1. The Plaintiff, Ashley Taylor, being of legal age is a resident of Little Rock, Pulaski County, Arkansas and the events complained of occurred in Pulaski County, Arkansas. The minors, T.D.M. and T.I.M. are residents of Little Rock, Pulaski County, Arkansas and the events complained of occurred in Pulaski County, Arkansas

2. Defendant, Jeremy Elliot is a resident of the State of Tennessee.

3. Defendant, JNJ Express, Inc., is a Tennessee corporation doing business in the State of Arkansas.

4. Unidentified John Does are persons or corporations whose identities cannot be identified at this time and are being included under a John Doe Affidavit as persons, employees or corporations who may be responsible in part or whole for Plaintiff's damages as complained herein.

1

5. This lawsuit involves a motor vehicle accident which occurred in Pulaski County, Arkansas. This Court has jurisdiction of the parties hereto and the subject matter herein.

6. Pursuant to Ark. Code Ann. § 16-60-112, venue is proper in Pulaski County, Arkansas.

7. On September 11, 2013, the Plaintiff was traveling west on Interstate 30 in Little Rock, Pulaski County, Arkansas. Defendant Jeremy Elliott, driving a diesel tractor truck, negligently, carelessly, and with reckless disregard for the safety of others was operating his tractor trailer with a defective rear tire on his trailer, the tire detached from the rim and ejected directly into the lane of Plaintiff, Ashley Taylor's vehicle. Plaintiff, Ashley Taylor steered to the left to avoid the blown-out tire and left the roadway into the inside shoulder of Interstate 30 west bound crashing into the concrete barrier. The Defendant's failure to maintain his tractor trailer truck in a safe and defective free condition was a violation of state and federal motor vehicle statutes and the loss of the tire from the rim was a proximate and direct cause of Plaintiff's collision with the concrete barrier.

8. As a proximate result of the accident caused by Defendants, the Plaintiff, Ashley Taylor, suffered injuries, including, but not limited to, injury to her neck, left shoulder, back pain, and other injuries. As proximate result of the accident caused by Defendants, Plaintiff, T.I.M., a minor, who was three years old, suffered severe injuries, including a left leg midshaft femur fracture that required surgery, and other injuries. Plaintiff, T.D.M., a minor, who was eight months old, suffered injuries to his head causing vomiting and emergency medical treatment.

9. Defendant Jeremy Elliott is an employee and/or agent of Defendant JNJ Express, Inc.

10. At the time of the incident, Defendant Jeremy Elliott was operating within the course or scope of his employment and/or agency with Defendant JNJ Express, Inc.

11. Defendant, Jeremy Elliott's negligence is imputed to Defendant, JNJ Express, Inc., based upon the principles of vicarious liability, *respondeat superior*, or agency liability.

12. Defendant, Jeremy Elliott, had a duty to the Plaintiff and to the public, in general, to exercise reasonable care in operating the motor vehicle.

13. Defendant, Jeremy Elliott, breached the duty of care he owed to the Plaintiffs to operate the vehicle with reasonable care.

14. The negligence and reckless disregard for the safety of others of the Defendant included, but is not limited to, the following:

    a. Failure to keep a proper lookout;

    b. Failure to keep the tractor truck under control;

    c. Failure to maintain the tractor truck in the proper lane of traffic;

    d. Driving the tractor truck in excess of the posted speed;

    e. Operating the tractor truck in a careless and prohibitive manner.

    f. Violations of the statutes of the State of Arkansas, including but not limited to, the Arkansas Motor Carrier Act of 1955 and ordinances of the County of Pulaski;

    g. Violations of the Federal Motor Carrier Safety Act; and,

    h. Otherwise failing to operate the tractor trailer as a reasonable person should have under the same or similar circumstances.

15. The Defendant allowed the tractor trailer to be operated on Arkansas roadways with defective equipment constituting a reckless disregard for the safety of other drivers justifying punitive damages to be assessed so as to deter Defendants from similar conduct is the future.

16. As a result of the Defendant's negligence, the Plaintiff, T.I.M., will likely require medical care, treatment, and rehabilitation in the future due to a 3 centimeter leg length difference between his left leg and right leg.

17. The unidentified John Does 1-5 who are persons or incorporations unable to be identified at this time are alleged to be responsible for under the theories of negligence and for the damages as outlined herein, in addition to negligence of the named Defendants, jointly and severally, in the event their identities are ascertained.

18. As a result of Defendants' negligence, the Plaintiffs have in the past and will in the future suffer permanent damages, including, but not limited to:

    a. Past and future medical expenses;

    b. Past and future pain and suffering and mental anguish;

    c. Permanent physical impairment;

    d. Caretaking expenses;

    e. Punitive damages.

19. Plaintiffs request punitive damages against the Defendants due to their willful and wanton conduct in driving a tractor trailer with defective equipment causing this accident and injuries.

Said conduct was in reckless disregard for the consequence of their actions which is recognized under Arkansas law to justify an award of punitive damages to defer Defendants from operating their tractor trailers with defective equipment in the future.

20. Defendants are liable for the Plaintiff's damages, including but not limited to damages based upon agency, vicarious liability, and *respondeat superior*.

21. Plaintiffs request a trial by jury.

WHEREFORE, Plaintiffs, Ashley Taylor, T.I.M. and T.D.M., minors, pray for judgment against Defendants, Jeremy Elliott, JNJ Express, Inc. and John Does 1-5, in an amount in excess of that required for federal diversity jurisdiction; for a trial by jury; for their costs and attorneys' fees; and for any and all other proper relief which she may be entitled.

Prepared by:

Robert R. Cortinez II, Ark Bar # 91117
Law Office of Robert R. Cortinez, II
P.O. Box 217
Little Rock, AR 72203
(501)372-6000
cortinezlaw@hotmail.com

5